1
2
3
4          UNITED STATES DISTRICT COURT
5               DISTRICT OF NEVADA
6                      * * *
7   JESUS O. TRUJILLO,                          Case No. 2:15-CV-145 JCM (CWH)
8                            Plaintiff(s),                ORDER
9        v.
10  MESQUITE GAMING LLC,
11                          Defendant(s).
12
13          Presently before the court is defendant Mesquite Gaming's motion to dismiss for failure of
14  service of process.  (Doc. # 6).  Plaintiff's response was due by July 13, 2015.  Plaintiff has not
15  filed a response or sought an extension from the court.
16          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
17  accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.
18  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
19  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops
20  short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citing *Bell
21  Atlantic*, 550 U.S. at 557).  However, where there are well pled factual allegations, the court should
22  assume their veracity and determine if they give rise to relief.  *Id.* at 1950.
23          Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response
24  to a motion and failure to file a timely response constitutes the party's consent to the granting of
25  the motion and is proper grounds for dismissal.  *See* LR IB 7-2(d); *United States v. Warren*, 601
26  F.2d 471, 474 (9th Cir. 1979).  However, prior to dismissal, the district court is required to weigh
27  several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need
28  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

**James C. Mahan**
**U.S. District Judge**

1   disposition of cases of their merits; and (5) the availability of less drastic sanctions."  *Ghazali v.*

2   *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

3   1986)).

4         Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120

5   days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

6   must dismiss the action without prejudice."

7         Plaintiff filed his complaint on January 23, 2015.  (Doc. # 1).  On June 15, 2015, the clerk

8   of the court provided notice to plaintiff that the action would be dismissed if plaintiff did not file

9   proof of service of process by July 15, 2015.  (Doc. # 5).  To date, plaintiff has failed to file proof

10  of service with the court as to defendant Mesquite Gaming.

11        In light of plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the

12  court finds dismissal of plaintiff's complaint against the moving defendants appropriate.

13        Accordingly,

14        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Mesquite

15  Gaming's motion to dismiss for failure of service of process (doc. # 6) be, and the same hereby is,

16  GRANTED.  The case is dismissed without prejudice.  The clerk is ordered to close the case.

17        DATED July 20, 2015.

18

19  UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 2 -